IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIERRE FABRE DERMATOLOGIE; UNIVERSITÉ DE BORDEAUX; CENTRE HOSPITALIER UNIVERSITAIRE DE BORDEAUX; and PIERRE FABRE PHARMACEUTICALS, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> ANNORA PHARMA PRIVATE LIMITED, <br><br> *Defendant.* | Civil Action No. 22-cv-1442-RGA |

## SCHEDULING ORDER

This 20th day of January, 2023, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures</u>.  The parties shall make their initial disclosures pursuant to Rule 26(a)(1) and Paragraph 3 of the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Del. Default Standard") on February 8, 2023.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before October 31, 2023.

3. <u>Discovery</u>.

   a. <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before January 15, 2024.

1

   b. <u>Document Production</u>.  Document production shall be substantially complete by September 29, 2023.

   c. <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for each side.  These limitations do not apply to requests for admissions directed to the authentication of documents under Federal Rule of Evidence 901 or the business record exception under Federal Rule of Evidence 803(6), subject to objections to undue burden.

   d. <u>Interrogatories</u>.  A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

   e. <u>Depositions</u>.

     i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 40 hours of taking testimony by deposition upon oral examination.  If a deponent wholly or substantially testifies through an interpreter, the party taking the deposition shall be permitted, on a pro rata basis, 1.5 hours of deposition time for each hour spent testifying through an interpreter. For clarity, the hour limitations described in this paragraph do not apply to expert witnesses.

     ii. <u>Location of Depositions</u>. The parties shall meet and confer regarding the location of depositions, taking into account convenience for the deponent.

   f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the

application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

    g.    <u>Miscellaneous Discovery Matters.</u>

        i.    <u>Production of File Histories</u>. Plaintiffs shall produce to Defendant the file histories for the presently asserted patents by January 31, 2023.

        ii.    <u>Core Technical Information</u>. Defendant Annora Pharma Private Limited ("Annora") shall produce a copy of Annora's ANDA No. 217567 pursuant to Local Rule 26.2 (or a protective order entered in this matter before January 31, 2023) by January 31, 2023.

Plaintiffs shall produce copies of each Investigational New Drug Application ("IND") and New Drug Application ("NDA") submitted or relied on in connection with the regulatory approval of HEMANGEOL® (Propranolol Hydrochloride) Solution; Oral, 4.28 MG/ML, pursuant to Local Rule 26.2 (or a protective order entered in this matter before January 31, 2023) by March 31, 2023.

        iii.    <u>Reduction of Asserted Patent Claims and Prior Art Used for Anticipation or Obviousness Combinations</u>.

Plaintiffs' initial infringement contentions shall assert no more than 20 claims. Defendant's initial invalidity contentions shall assert no more than a total of 35 prior art references[1] and no more than four prior art-based invalidity positions per claim. Each obviousness combination of prior art references counts as one prior art-based invalidity position.

Plaintiffs' final infringement contentions shall assert no more than 15 claims. Defendant's final invalidity contentions shall assert no more than a total of 25 prior art references and no more than three prior art-based invalidity positions per claim. Each obviousness combination of prior art references counts as one prior art-based invalidity position.

Plaintiffs shall identify no more than 10 asserted patent claims that Plaintiffs shall present at trial by June 19, 2024. Defendant shall identify no more than 15 prior art references and no more than two prior art-based invalidity positions per claim by July 17, 2024. Each obviousness combination of prior art references counts as one prior art based invalidity argument. Defendant shall also identify any additional non-prior art-based invalidity positions that they will present at trial by July 17, 2024. The parties will meet and confer by August 17, 2024, to agree upon the final set of claims and prior art references for trial.

      iv.    <u>Initial Infringement Chart</u>. Plaintiffs shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes by March 16, 2023.

---

[1] A prior art reference shall mean a reference alleged to disclose one or more limitations of an asserted patent claim, and does not include documents asserted to demonstrate the scope and content of the prior art, rationales for combining references or common knowledge, or use to rebut an alleged secondary consideration of nonobviousness.

     v. <u>Initial Invalidity Contentions</u>. Defendant shall produce to Plaintiffs their initial invalidity contentions for each asserted claim, as well as copies of the documents or references relied upon by May 12, 2023.

     vi. <u>Final Infringement and Invalidity Contentions</u>. Plaintiffs shall produce their final infringement contentions for each asserted claim by January 17, 2024. Defendant shall produce their final invalidity contentions for each asserted claim by January 31, 2024. The parties may supplement their final contentions upon good cause shown or the Court's claim construction order.

     vii. <u>Other Litigations.</u>  There are no other litigations that involved the patent-in-suit. Defendant has not yet made a determination on whether it intends to file one or more IPRs at this time.

  4. <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by February 3, 2023. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

  Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On or before June 22, 2023, the parties shall exchange lists of those claim term(s)/phrase(s) that they believe need construction.  The parties shall exchange their proposed constructions of those term(s)/phrase(s) with citations to intrinsic evidence no later than July 13, 2023. These documents will not be filed with the Court. Subsequent to exchanging proposed constructions with intrinsic evidence, the parties will meet and confer no later than July 21, 2023, to prepare a Joint Claim Construction Chart to be filed no later than July 28, 2023. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>.[2] Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,000 words, on August 17, 2023. Defendant shall serve, but not file, their answering

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying

brief, not to exceed 7,500 words, on September 14, 2023. Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on October 6, 2023. Defendant shall serve, but not file, their sur-reply brief, not to exceed 2,500 words, on October 27, 2023.  No later than November 14, 2023, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

    A. [TERM 1][3]

        1. Plaintiffs' Opening Position
        2. Defendant's Answering Position
        3. Plaintiffs' Reply Position
        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiffs' Opening Position
        2. Defendant's Answering Position
        3. Plaintiffs' Reply Position
        4. Defendant's Sur-Reply Position

---

the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized.  Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

Etc.  The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

       9.       Hearing on Claim Construction. Beginning at 9:00 a.m. on December 6, 2023, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.  When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

       10.      Disclosure of Expert Testimony:

       a.      Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before February 15, 2024.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party (i.e., "responsive expert reports") is due on or before March 14, 2024.  Reply expert reports from the party with the initial burden of proof are due on or before April 4, 2024.  To the extent objective indicia of nonobviousness are at issue in this case, Plaintiffs shall serve their expert reports on objective indicia of nonobviousness on the date responsive expert reports are due and Defendant shall provide their expert report on objective indicia of nonobviousness on the date reply reports are due.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in

that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any disputes and, when they cannot reasonably be resolved, use the Court's Discovery Dispute procedure or the complaint will be waived.

Along with the service of the reply expert reports, the parties shall advise of the dates and times of their experts' availability for depositions. Depositions of experts shall be completed on or before June 7, 2024.

        b.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion on July 11, 2024. Answering briefs will be due on August 1, 2024. Reply briefs will be due on August 15, 2024. Briefing on such motions is subject to the page limits set out in Local Rule 7.1.3(a)(4).

11.    <u>Case Dispositive Motions</u>. No case dispositive motion under Rule 56 may be filed without leave of the Court.

12.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.    <u>Pretrial Conference</u>. On September 20, 2024, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the

preparation of the proposed joint final pretrial order. Thirty days prior to the date of filing of the joint proposed final pretrial order, Plaintiffs shall provide a draft pretrial order to Defendant including proposed language for the sections of the pretrial order jointly submitted by all parties, as well as the sections relating to issues on which Plaintiffs bear the burden of proof, and Defendant shall provide to Plaintiffs the sections relating to issues on which Defendant bears the burden of proof. Fifteen days prior to the date of filing of the joint proposed final pretrial order, the parties shall provide their responses to the sections of the draft pretrial order previously exchanged. The parties shall thereafter meet and confer in good faith such that Plaintiffs may file the pretrial order in conformity with the Local Rules.

14. <u>Motions *in Limine*</u>. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion no later than the deadline to file the proposed pretrial order. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument served no later than thirty days before the deadline to file the proposed pretrial order. Each *in limine* request be opposed by a maximum of three pages of argument served no later than fifteen days before the deadline to file the proposed pretrial order. The party making the *in limine* request may add a maximum of one additional page in reply in support of its request served no later than eight days before the deadline to file the proposed pretrial order. If more than one party is supporting or opposing an *in limine*, request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests unless otherwise permitted by the Court.

15.     <u>Trial</u>.  This matter is scheduled for a three-day bench trial beginning at 8:30 a.m. on September 30, 2024, with subsequent trial days beginning at 8:30 a.m. and ending at 5:00 p.m.  The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

16.     <u>ADR Process</u>.  This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE