IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIERRE FABRE DERMATOLOGIE; UNIVERSITÉ DE BORDEAUX; CENTRE HOSPITALIER UNIVERSITAIRE DE BORDEAUX; and PIERRE FABRE PHARMACEUTICALS, INC. <br><br> *Plaintiffs,* <br><br> v. <br><br> ANNORA PHARMA PRIVATE LIMITED <br><br> *Defendant.* | Case Number: 22-cv-1442-RGA-JLH |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Pierre Fabre Dermatologie ("Pierre Fabre"), Université de Bordeaux ("Bordeaux"), Centre Hospitalier Universitaire de Bordeaux ("CHU"), and Pierre Fabre Pharmaceuticals, Inc. ("PFPI") (collectively, "Plaintiffs") and Defendant Annora Pharma Private Limited ("Annora" or "Defendant") recognize that discovery in the above-entitled litigation (the "Action") may involve the disclosure of certain documents, things, and information in the possession, custody, or control of a party or third party that constitute or contain trade secrets or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary dissemination or disclosure of such confidential information. *See* Fed. R. Civ. P. 26(c), *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

IT IS HEREBY ORDERED:

1.      Any party, including any third party that is not a named party to this action, that

provides information that is not publicly available in connection with this action (hereafter

"Information") may designate such Information as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order.

Each page of each document produced pursuant to discovery in this action shall bear a unique

identifying number.  The existence of this Stipulation and Protective Order shall be disclosed to

any third-party producing documents, tangible things, testimony, or other information in this

action who may reasonably expect or desire confidential treatment for such documents, tangible

things, or testimony.

2.      Confidentiality Designations are to be applied as follows:

a.      The designation of Information as CONFIDENTIAL shall constitute a

representation to the Court, in good faith, that the Information is not reasonably believed to be in

the public domain.  Access to Information designated as CONFIDENTIAL should be limited to

those persons designated in ¶ 11.  This material also includes any information protected by the

data privacy laws of the European Union or France, and any information relating to an identified

or identifiable person residing in the European Economic Area ("EEA"). To the extent required

by the data privacy laws of the European Union or France, a party or third-party may redact

information that directly or indirectly identifies, or could be used to identify a person residing in

the EEA, including but not limited to identification numbers, first and last names, titles,

positions, salary and compensation, telephone and electronic records, employment history,

contact information, personal life data, professional life data, business transaction data, physical

data, physiological data, mental data, economic data, cultural data, and social identity data. Such

designation is not an admission by either party that such documents are relevant or admissible in

this Proceeding.  Notwithstanding the foregoing, or anything else herein, the names of persons

reasonably likely to have information related to matters at issue in this litigation will not be

redacted.

b.      Information may be designated as HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY if the designating party reasonably believes, in good faith, that it

contains Information that is (1) competitively sensitive, including, but not limited to, trade

secrets or other confidential research, development, or commercial information, as such terms

are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and that its disclosure to

business competitors or the public would be injurious to the business, commercial, or financial

interests of the designating party, or (2) any health information protected under state or federal

privacy laws, including information that a party is required to maintain in confidence under the

Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  Highly Confidential

material includes, but is not limited to, current or future financial documents (such as P&L

statements), business strategy, projected future sales, pricing, customer/vendor agreements,

revenue, cost, or profit information for the producing party's products, documents concerning the

research and development of the products in suit and any product not in suit, pending patent

applications, new drug applications, abbreviated new drug applications, Drug Master Files, and

any supplements and amendments thereto, any correspondence with the Food and Drug

Administration ("FDA") related to a past, present or future drug product, and information that

could be used to identify an individual's health information ("individual identifiers").  A party or

third-party may redact individual identifiers before producing or disclosing the health

information. Individual identifiers include names, initials, postal addresses, telephone numbers,

fax numbers, electronic mail addresses, social security numbers, medical record numbers, health

plan beneficiary numbers, account numbers, dates of birth, vehicle identifiers or serial numbers, and full-face photographic images or other comparable images or identifiers.  Access to Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY should be limited to those persons designated in ¶ 10. Additionally, without limitation, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information includes (a) all copies, extracts, and complete or partial summaries prepared from such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; (b) deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; (d) written discovery responses, answers, or contentions that contain, summarize, or reflect the content of any such HIGH CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; (e) expert reports and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information; and (f) deposition testimony revealing HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.

        c.     CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information does not include, and this Stipulation and Protective Order shall not apply to, information that is already in the knowledge or possession of the receiving party at the time the information is disclosed in connection with this action, unless the receiving party is under an existing obligation not to disclose such information at the time the information is disclosed in connection with this action, or information that has previously been disclosed to the

public or other third party in a manner making such information no longer confidential at the time the information is disclosed in connection with this action.

3.      Information may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by placing on or affixing to the document or thing containing such information (in such a manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designations must be placed on each and every page (except for securely bound, internally paginated documents, where the confidential designation only need appear on the cover page).

4.      Designation by stamping or labeling as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY need not be made with respect to all materials provided for inspection until copies of the materials are requested after inspection and selection by counsel.  Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality.

5.      Unless otherwise provided herein, masked or redacted copies of documents may be produced where the masked or redacted portions contain privileged matter.  Any masking or redacting must be done such that the masking or redacting is conspicuous.  Before production, a party or third-party may, to the extent required by the data privacy laws of the European Union or France, redact from all documents, electronic communications, business transaction data, personal electronic files, personally identifiable information described in paragraph 2 above for persons residing in the EEA, and personal information.

6.      The failure to designate Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to the production of that Information

shall not preclude the disclosing party from later designating the Information as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  A disclosing

Party may designate or redesignate Information after it has been produced by providing written

notice of such designation or redesignation to counsel for the receiving Party.  Upon receipt of

such a notice of designation or redesignation, counsel for the receiving Party shall take

reasonable steps to ensure that the newly designated or redesignated Information, and any

analyses, notes, memoranda or other work product that was generated based on such

Information, is treated in conformity with the designation or redesignation.

       7.      In the event that any receiving Party objects to the designation of Information as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, said Party

shall notify the designating party in writing, identify the specific documents or Information

challenged and state the grounds or reasons for contesting the designations in writing, and confer

with the designating party to attempt to resolve the dispute.  If the designating party does not

agree to remove the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY designation, then the party contending that such Information is not CONFIDENTIAL or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may request by motion and in

accordance with the rules of the Court that the Court remove such Information from the

restrictions of this Order.  The burden of demonstrating that the Information is CONFIDENTIAL

or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be on the designating

party.  The Information shall continue to be treated in the manner designated by the designating

party until the Court orders (or the parties agree) that the challenged designation be removed.

       8.      In the case of depositions, the following procedures shall be followed:

          a.      Designation of deposition testimony and exhibits as CONFIDENTIAL or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be made either by a statement to such effect on the record in the course of the deposition or upon review of the transcript by counsel for the disclosing party (if counsel notifies counsel for all named Parties to the action of the designation in writing within thirty (30) business days after counsel's receipt of the transcript).  Counsel shall specify the line[s] and page numbers of the portions of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information and serve copies of that list on counsel for all named Parties to the action.

b.      Pending such designation of Information by counsel, the entire deposition transcript, including exhibits, shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  If designations are not made on the record or within thirty (30) business days after receipt of the transcript, the transcript shall be considered not to contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.

c.      Counsel for the party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information may be disclosed at the deposition may also require that all persons who are not entitled to have access to such information under this Order leave the room during the confidential portion of the deposition.

9.      The named Parties to this action, in conducting discovery from third parties, shall provide each third party a copy of this Order so as to inform each such third party of his, her, or its rights herein.

10.      HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information may only be disclosed to:

a.      Outside attorneys from the law firms who have formally entered appearances in this action on behalf of  the named parties to this action, and stenographic,

clerical, and legal assistant employees or contractors of those firms (including discovery vendors) whose functions require access to such information;

        b.    Outside experts or consultants who are not regular employees of a named Party to this action and who are retained by a named Party or its counsel, such as independent technical experts, accountants, statisticians, economists, or other consultants, whose advice and consultation are being or will be used by such Party or its counsel in connection with this action, including their stenographic or clerical personnel ("Outside Consultant"); provided that if such Outside Consultants are retained for the purpose of testifying in this Action, disclosures are made in accordance with paragraph 12 below.

        c.    Any witness when it is clear that the witness authored/received/was copied on the document.

        d.    The Court and authorized staff;

        e.    Outside copying and exhibit preparation services, outside jury consultants and trial consultants; and

        f.    Court reporters and videographers to the extent necessary to perform their work.

        11.    CONFIDENTIAL Information may only be disclosed to:

        a.    Those persons or entities identified in paragraph 10 of this Order (under the conditions set forth in that paragraph); and

        b.    No more than three employees of each named party who have been designated to assist with the preparation of the prosecution or defense of this action, provided such employees execute the Agreement To Abide By Stipulation And Protective Order in the form of attached Exhibit A.

12.      Outside Consultants.

a.      Prior to the disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to each testifying Outside Consultant, the receiving party shall give at least five (5) business days written notice to the party that produced such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information providing:

     i.     the name, business title, and business address of the Outside Consultant;

    ii.     a copy of the proposed Outside Consultant's executed Exhibit A;

   iii.     a copy of the proposed Outside Consultant's current *curriculum vitae* showing the proposed Outside Consultant's education;

    iv.     the Outside Consultant's current employer;

     v.     a list of any previous or current relationship (personal, professional, financial or otherwise) with any of the parties; and

    vi.     a list of all other cases by name, case number, and location of court in which the Outside Consultant has testified (at trial or depositions) within the last five (5) years, all companies for which the individual has provided consulting services, either directly or through a consulting firm, within the last five (5) years, and all companies by which the individual has been employed within the last five (5) years.  Such a listing may itself be designated under this Order.

9

b.      Prior to disclosing any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, the outside counsel for the receiving party shall determine that disclosure of that particular information is, in that counsel's good faith judgment, reasonably necessary to the party's representation.  If, during the five (5) business day notice period, the producing party serves, in writing, a good faith objection to the proposed disclosure to showing the Outside Consultant CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, there shall be no disclosure of such information to such Outside Consultant pending resolution of the objection.  Consent to the disclosure of information to the Outside Consultant shall not be unreasonably withheld.

c.      The producing party objecting to the disclosure of information to the Outside Consultant shall, within five (5) business days of receiving the written notice contemplated under paragraph 12.a, provide a detailed written explanation of the basis of its objection.  If a producing party objects to the disclosure of information to an Outside Consultant, the parties must meet-and-confer regarding the objection within five (5) business days after such objection is served.  The objecting party's consent to the disclosure of information to an Outside Consultant shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to the Outside Consultant will result in business or economic harm to that party.

d.      If the parties cannot resolve their dispute during this meet-and-confer, the producing party shall have five (5) business days from the date of the meet-and-confer to file an objection with the Court and seek a motion for protection or disqualification of the Outside Consultant or other appropriate relief.  No CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY Information shall be provided to the proposed Outside Consultant until after resolution of the objection either by the parties or by the Court.

13.     With respect to testimony elicited during hearings and other proceedings, whenever counsel for any Party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, before such disclosure, counsel may designate on the record that the disclosure may relate to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.  Whenever matter so designated is to be discussed in a hearing or other proceeding, any party claiming such confidentiality will make an appropriate request to the Court and follow the Court's procedures, which may include excluding personnel from the courtroom, for protecting disclosure of the Information from any person who is not entitled under this Order to receive such designated Information, based on the discretion of the Court.

14.     The list of persons to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information may be disclosed, identified in paragraphs 10 - 11, may only be expanded or modified by mutual agreement in writing by counsel of the named Parties without necessity of modifying this Order.

15.     Disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to any person described in paragraphs 10 - 11 of this Order shall be only for the purposes of the litigation-related activities in this action, including any appeal, and for no other purpose whatsoever.  Prohibited purposes include, but are not limited to, use in any other Action or proceeding, use for competitive purposes or use in the prosecution of additional intellectual property rights.  Any person or entity receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information pursuant to this Order shall use

the Information solely for the purpose of conducting the above-captioned litigation, including

any appeal, and not for any other purpose.  Such persons will maintain Information designated as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in a prudent

manner reasonably sufficient to secure such Information against unauthorized disclosure.

16.     Absent written consent from the producing party, any individual who has access

or reviews HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall not

draft, edit, amend, or provide instruction in respect to the drafting, editing, or amending of

claims of patents or patent applications (whether U.S. or foreign), and shall not draft, edit, or

amend any claims during a post-grant procedure at the U.S. Patent and Trademark Office,

directed to propranolol hydrochloride technologies.  This prosecution bar shall continue for 18

months after the later of: (i) the last access or review by an individual of HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, or (ii) termination of this

Action (including any appeals).  Notwithstanding the foregoing, nothing herein shall preclude

an individual who has accessed or reviewed HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY Information from working on and participating in, directly or indirectly, (i) all

aspects of any *inter partes* review, post-grant review, or re-issue or re-examination proceeding

at the U.S. Patent and Trademark Office or the Patent Trial and Appeal Board concerning

propranolol hydrochloride technologies, except for claim drafting, editing, or amending, or

providing instruction with respect to the same, and (ii) all aspects of any pre- or post-grant

opposition proceedings or invalidation request proceedings before a foreign patent office or

court for a patent or patent application, except for claim drafting, editing, or amending.  To

avoid any misunderstanding, and consistent with the scope of the foregoing terms, nothing

herein shall preclude such individuals from engaging in supervisory roles in patent prosecution

concerning propranolol hydrochloride technologies that do not involve drafting, editing, amending, or providing instruction with respect to the drafting, editing, or amending of claims, or being involved in proceedings or litigations relating to patent term extension under 35 U.S.C. § 156 *et seq.* or patent term adjustment under 35 U.S.C. § 154 *et seq.* for a patent or patent application concerning propranolol hydrochloride technologies.  Moreover, the foregoing restrictions shall apply only to individuals, and not to the firms or organizations by which they are employed, nor to individuals who received access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information solely in their capacity as clerical staff.  Nothing in this paragraph shall be construed as a waiver of the other provisions of this Protective Order, including but not limited to those provisions restricting the use and disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.

17.     Absent written consent from the producing party, any individual who receives access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall not be involved in the preparation or submission of citizen petitions subject to 21 U.S.C. § 355(q), or any similar regulatory filings with a government agency equivalent to the FDA in any foreign country, requesting that the FDA take any form of action related to an application filed by the other side in this case concerning a propranolol hydrochloride product, unless requested by FDA or otherwise required by law. In such communications, drafting, and reviewing, however, no such individual shall quote, cite, or refer to any material subject to a confidentiality obligation under this Protective Order and not otherwise known to that individual or to the Party on whose behalf that individual works. The restrictions set forth in this Paragraph in no way narrow the additional restrictions set forth on individuals covered by paragraphs 10 - 11 of this Order.

18.     In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY Information is contained in any pleading, motion, exhibit or other
paper (collectively the "papers") filed or to be filed with the Court, the Parties shall prominently
specify that the papers contain CONFIDENTIAL or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY Information and shall file the papers in accordance with the rules
of this Court regarding filing documents under seal.  Such papers or the confidential or highly
confidential portions thereof (if such portion is segregable) shall be filed *under seal*.  Where
possible, only confidential and highly confidential portions of such documents shall be filed
under seal.

19.     Nothing in this Order shall bar or otherwise restrict any attorney from rendering
advice to a named Party/client in this action and in the course thereof relying upon such
attorney's examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY Information; provided, however, that in rendering such advice and in otherwise
communicating with such client, the attorney shall not disclose any CONFIDENTIAL or
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to unauthorized
persons.

20.     Should any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY Information be disclosed, through inadvertence or otherwise, by the receiving
Party to any person not authorized under this Stipulation and Protective Order, then the receiving
Party shall, as soon as practicable after the discovery of such disclosure: (a) use its best efforts to
obtain the return of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY Information and to bind such person to the terms of this
Stipulation and Protective Order; (b) inform such person of all provisions of this Stipulation and

Protective Order; (c) identify such person to the disclosing party; and (d) request such person to

sign the Agreement To Abide By Stipulation And Protective Order in the form attached hereto as

Exhibit A.  The executed agreement shall be served upon counsel of record for the disclosing

party within five (5) business days of its execution. Whether an executed agreement with such

unauthorized person is reached, the receiving party shall inform the disclosing party immediately

that any such inadvertent disclosure occurred and disclose the identity of the unauthorized

person's who received such inadvertent disclosure.

21.     Nothing in this Stipulation and Protective Order shall be construed to effect an

abrogation, waiver, or limitation of any kind on the right of any party to oppose discovery on

grounds other than that the Information sought constitutes or contains CONFIDENTIAL or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.  Nothing in this

Stipulation and Protective Order shall be construed to require disclosure of Information which

counsel contends is protected from disclosure by the attorney-client privilege or the attorney

work-product immunity, or any other applicable privilege or immunity.

22.     If Information subject to a claim of attorney-client privilege or work product

immunity is inadvertently or mistakenly produced, such production shall in no way constitute a

waiver of, or estoppel as to, any claim of privilege or work-product immunity.  Upon request by

the disclosing party (i.e., "claw back request"), the receiving Party must take immediate steps in

good faith to return the inadvertently produced Information to the disclosing party as soon as

possible.  Moreover, any notes or summaries referring or relating to any such inadvertently or

mistakenly produced Information subject to claim of immunity or privilege shall be destroyed.

In the event that any such Information is inadvertently or mistakenly produced, all copies of that

document, and any notes or summaries relating thereto, that may have been made shall be destroyed to the extent practicable.

23.     The restrictions and obligations set forth in this Stipulation and Protective Order relating to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall not apply to any information which (i) the disclosing and receiving Parties agree, or the Court rules, is already public knowledge, (ii) the disclosing and receiving Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving Party, or (iii) is in the receiving Party's legitimate possession independently of the disclosing party.

24.     This Stipulation and Protective Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders.  Nothing herein shall prevent any party from disclosing its own CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information in any manner that it considers appropriate.

25.     This Stipulation and Protective Order shall survive the termination of this action. No part of the restrictions imposed by this Stipulation and Protective Order may be waived or terminated, except by the written stipulation executed by counsel for each disclosing party, or by an Order of the Court for good cause shown.

26.     After final termination of this action, the counsel designated in paragraph 10(a) hereof for the receiving Party may retain one archival copy of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, and CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to the extent it includes or reflects the receiving Party's attorney work

product.  Such material shall continue to be treated as CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY Information under this agreement.  Within

forty-five (45) days after final termination of this action, counsel for the receiving Party shall

either return all additional CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY Information in counsel's possession, custody, or control or in the custody of any

other recipients of such Information to counsel for the disclosing party or shall certify destruction

thereof to such counsel.  As to CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY Information reflected in computer databases or backup tapes, the

receiving Party shall delete all such CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY Information or shall impose passwords or designate the

Information in a manner reasonably calculated to prevent unauthorized access to the

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.

27.     If a third party provides discovery to any named Party in connection with this

action, and if the third party so elects, then the provisions of this Stipulation and Protective Order

shall apply to such discovery as if such discovery were being provided by a named Party.  Under

such circumstances, the third party shall have the same rights and obligations under this

Stipulation and Protective Order as held by the named Parties to this action.

28.     All notices required by this Stipulation and Protective Order may be served by e-

mail to the counsel of record for the named Parties to this action.  The date by which a Party

receiving a notice shall respond, or otherwise take action, shall be computed from the close of

the business day that the e-mail was received in the office of counsel.  Any of the notice

requirements herein may be waived in whole or in part, but only in writing signed by an attorney

for the disclosing party.

29.     This Stipulation and Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the named Parties to this action without further Order of the Court.  This Stipulation and Protective Order shall not supersede any agreements between the named Parties regarding the confidentiality of Information entered into before the date of this Stipulation and Protective Order.

30.     All Parties signing this Stipulation and Protective Order agree to submit this agreement to the Court to be entered as an Order in this matter, but they also agree to be bound by its provisions regardless of whether the Court enters this agreement as an Order.

31.     Nothing in this Stipulation and Protective Order shall be deemed to limit or preclude the use in open Court of any documents or information produced pursuant to this Order, regardless of the designation of any such documents or information, in accordance with this Protective Order and the procedures of this Court.

32.     It is ordered by the Court that this Stipulation and Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Stipulation and Protective Order in contempt.  All other remedies available to any person(s) injured by a violation of this Stipulation and Protective Order are fully reserved.

33.     Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Stipulation and Protective Order.

34.     The Court retains the right to allow disclosure of any subject covered by this Stipulation or to modify this Stipulation at any time in the interest of justice.

35.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant

18

and subject to disclosure in another case.  Any person or party subject to this order who becomes

subject to a motion to disclose another party's information designated as CONFIDENTIAL or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information pursuant to this order

shall promptly notify that party of the motion so that the party may have an opportunity to appear

and be heard on whether that information should be disclosed

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*
_____

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

OF COUNSEL:

Dennies Varughese, Pharm. D.
Christopher M. Gallo
Alexander Alfano
Richa Patel
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1100 New York Avenue NW, Suite 600
Washington, DC 20005

**Counsel for Defendant**


PANITCH SCHWARZE BELISARIO
 & NADEL LLP

*/s/ John D. Simmons*
_____

John D. Simmons (#5996)
Travis W. Bliss, Ph.D. (#4988)
Keith A. Jones (#7011)
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, Delaware 19803
Telephone: (302) 394-6030
Facsimile: (215) 965-1331
jsimmons@panitchlaw.com
tbliss@panitchlaw.com
kjones@panitchlaw.com

**Counsel for Plaintiffs**


SO ORDERED this the _9th_ day of ___February_____, 2023.


_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIERRE FABRE DERMATOLOGIE; UNIVERSITÉ DE BORDEAUX; CENTRE HOSPITALIER UNIVERSITAIRE DE BORDEAUX; and PIERRE FABRE PHARMACEUTICALS, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>ANNORA PHARMA PRIVATE LIMITED<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 22-cv-1442-RGA-JLH |

## ACKNOWLEDGMENT

I reside at _____.

      1.     My present employer is _____.

      2.     My present occupation or job description is _____.

      3.     I have read the Agreed Protective Order dated _____, 2023, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled *Pierre Fabre Dermatologie, Université de Bordeaux, Centre Hospitalier Universitaire de Bordeaux, and Pierre Fabre Pharmaceuticals, Inc. v. Annora Pharma Private Ltd.*, 1:22-cv-01442-RGA-JLH in the United States District Court for the District of Delaware.

      4.     I am fully familiar with and agree to comply with and be bound by the provisions of the Order.  I understand that I may not use the information for any purpose other than the litigation.  I further understand that I am to retain all copies of any documents designated as

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Information in a secure manner, and that all copies are to remain in my personal custody until I

have completed my assigned duties, whereupon the copies and any writings prepared by me

containing any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY Information are to be returned to counsel who provided me with such material.

5.      I will not divulge to persons other than those specifically authorized by said

Order, and will not copy or use except solely for the purpose of this action, any information

obtained pursuant to said Order, except as provided in the Order.  I also agree to notify any

stenographic, or clerical personnel who are required to assist me of the terms of the Order.

6.      I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Signed:_____

Printed Name: _____

Executed on _____, 20__ .